1  **WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard LeGrand Gause, | No. CV-19-01196-PHX-JJT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

On February 21, 2019, Plaintiff Richard LeGrand Gause, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court ordered Defendants Corizon and Fisk to answer the Complaint (Doc. 6 at 12). Defendant Fisk has not been served. Defendant Corizon filed an Answer on May 21, 2019 (Doc. 13).

The following discussion addresses numerous documents filed by Plaintiff (Docs. 15-20, 22, 23).

### I. DISCUSSION

**A. "Notice to Courts of Defendants Lawyers not Contacting with address to communicate with concerning case." (Doc. 15)**

"A district court has discretion to adopt local rules. . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence, both the parties and the Court are bound by the local rules. LRCiv. 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v.*

*Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id.* (internal quotation marks and citation omitted).

All requests for Court action of any kind must be filed in the form of a motion, not in the form of a notice. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). The Court may strike a submission by a party on the ground that it is not authorized by statute, rule, or court order. *See* LRCiv 7.2(m).

In his "Notice to Courts of Defendants Lawyers not Contacting with address to communicate with concerning case" (Doc. 15), Plaintiff asks the Court for defense counsels' contact information. Defense counsels' address, phone number, and email information are listed on Defendant Corizon's Answer (Doc. 13 at 1). In the event Plaintiff did not receive a copy of Defendant Corizon's Answer, the Court will order Defendant Corizon to send Plaintiff a copy of the Answer at Plaintiff's current address of record. Plaintiff's request should have been filed in the form of a motion in compliance with Fed. R. Civ. P. 7(b)(1) and LRCiv 7.2. LRCiv 7.1(b)(2) further requires in civil cases when a party requests specific relief, as Plaintiff does here, that the party also lodge a separate proposed order with the Clerk of Court. Plaintiff failed to comply with the Federal Rules of Civil Procedure as well as the Rules of Practice of the U.S. District Court for the District of Arizona. His "Notice" is not authorized under statute, rule, or court order. Therefore, the Court will strike "Notice to Courts of Defendants Lawyers not Contacting with address to communicate with concerning case" (Doc. 15) pursuant to LRCiv 7.2(m).

**B. "Attached Correspondence to Corizons Counsel for Defndant [sic] Corizon" (Doc. 16)**

Plaintiff has filed a document that attaches a letter to defense counsel. No request is made of the Court in this document. Plaintiff's "Attached Correspondence" will be stricken as an unauthorized filing pursuant to LRCiv 7.2(m). *See also Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket.'") (citations omitted).

### C. Plaintiff's "Addendum to Count I Adding Director Chuck Ryan and Deputy Warden Pitz at Buckly Unit" (Doc. 17)

Plaintiff seeks to add two defendants to Count One of the Complaint (Doc. 1). The Court construes Plaintiff's "Addendum to Count I Adding Director Chuck Ryan and Deputy Warden Pitz at Buckly Unit" (Doc. 17) as an attempt to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). A party moving to amend a complaint must lodge a proposed amended complaint "that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added." LRCiv 15.1(a). Plaintiff has not complied with Local Rule of Civil Procedure 15.1(a). The Court will strike Plaintiff's "Addendum to Count I Adding Director Chuck Ryan and Deputy Warden Pitz at Buckly Unit" (Doc. 17) without prejudice to allow the timely filing of a Motion to Amend the Complaint and proposed First Amended Complaint that complies with the Federal and Local Rules of Civil Procedure.[1]

### D. Plaintiff's Discovery Requests (Docs. 18-20) and Discovery Disclosure (Doc. 22)

On May 29, 2019, Plaintiff filed three documents containing discovery requests. (Docs. 18-20). On June 13, 2019, Plaintiff filed a "First Discovery Disclosure to Corizon" (Doc. 22). Federal Rule of Civil Procedure 5(d)(1) states that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." LRCiv 5.2 provides that "[a] 'Notice of Service' of the

---

[1] The Scheduling Order sets July 22, 2019 as the deadline for filing motions to amend the complaint. (Doc. 14 at 4). The Court also notes that an amended complaint supersedes an original complaint. S*ee Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). That is, after amendment, the Court will treat the original Complaint (Doc. 1) as nonexistent. *Ferdik*, 963 F.2d at 1262 ("after amendment the original pleading no longer performs any function and is treated thereafter as non-existent") (internal quotation marks and citation omitted).

disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff's filing of his actual discovery requests (Docs. 18-20) and disclosure (Doc. 22) violate LRCiv 5.2 and Federal Rule of Civil Procedure 5(d). The documents therefore will be stricken. *See* LRCiv 7(m); *Ready Transp., Inc.*, 627 F.3d at 404.

### E. Plaintiff's June 13, 2019 Filing (Doc. 23), Construed as a Motion to Appoint of Counsel

In his June 13, 2019 filing (Doc. 23), Plaintiff requests the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's filings with the Court indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court. The Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff remains in a position no different than many pro se prisoner litigants. The Court will deny Plaintiff's Motion (Doc. 23).

## II. CONCLUSION

**IT IS ORDERED** striking Plaintiff's "Notice to Courts of Defendants Lawyers not Contacting with address to communicate with concerning case." (Doc. 15).

**IT IS FURTHER ORDERED** striking Plaintiff's "Attached Correspondence to Corizons Counsel for Defndant [sic] Corizon" (Doc. 16).

**IT IS FURTHER ORDERED** striking Plaintiff's "Addendum to Count I Adding Director Chuck Ryan and Deputy Warden Pitz at Buckly Unit" (Doc. 17) without prejudice to allow the timely filing of a Motion to Amend the Complaint and proposed First Amended Complaint that complies with the Federal and Local Rules of Civil Procedure.

**IT IS FURTHER ORDERED** striking Plaintiff's discovery requests (Docs. 18-20) and disclosure (Doc. 22).

**IT IS FURTHER ORDERED** denying Plaintiff's June 13, 2019 filing (Doc. 23), which is construed as a Motion to Appoint Counsel.

Dated this 8th day of July, 2019.

_____
Eileen S. Willett
United States Magistrate Judge